IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW STACY, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4066-N |
| | § | |
| PASCHALL TRUCK LINES, INC., | § | |
| | § | |
| Defendant. | § | |

### ORDER

This Order addresses Defendant Paschall Truck Lines, Inc.'s ("Paschall") motion for summary judgment [Doc. 24]; Plaintiffs' motion to strike the Affidavit of Joshua O'Kelly [31]; and Paschall's motion to strike the Affidavit of David Stopper [67]. For the following reasons, the Court grants Plaintiffs' motion to strike O'Kelly's affidavit and denies both of Paschall's motions.

### I. THE TRAFFIC ACCIDENT

On May 24, 2012, Don Howard Stacy was traveling on Interstate 30 in Rockwall County, Texas.[1] He began experiencing trouble with his vehicle and pulled over to the right shoulder of the road. He exited his vehicle. At some point, he moved into the right lane of

---

[1]The Court draws these alleged facts from the parties' briefs.

travel and was hit by an oncoming truck driven by O'Kelly[2] and owned by Paschall. Stacy died as a result of the impact.

An eyewitness, April Shelton, testified that the truck stayed in the right lane and did not enter the shoulder area before the accident. Paschall Mot. Summ. J., App. 5–6 [25]. Shelton also stated that O'Kelly could not change lanes to the left to avoid the accident because other vehicles occupied the left lane. *Id.* at 5. She described Stacy walking from the back of his vehicle to the front before entering the right lane. *Id.* at 6–8. She further stated that Stacy was visible to passing traffic. Pls.' Resp. Summ. J., App. 3 [32-1].

Deputy Casey Northcutt, a supervisor in the traffic division of the Rockwall County Sheriff's Office, investigated the accident. He took the statements of Shelton, O'Kelly, and other witnesses. He concluded that Stacy left the right shoulder and entered the right lane of the highway, causing the accident. Paschall Mot. Summ. J., App. 30, 40–41. He also concluded that O'Kelly remained in the right lane at the time of the collision. *Id.* at 30. He did not find any fault on the part of O'Kelly. *Id.* at 35–36.

Plaintiffs, a representative of Stacy's estate and surviving family members, sued Paschall for negligence in state court. Paschall removed the case to this Court. Paschall now moves for summary judgment on Plaintiffs' negligence claim.[3]

---

[2]Unrelated to the accident, O'Kelly passed away in July 2012.

[3]Plaintiffs requested – and received – leave to amend their complaint to add a claim for gross negligence against Paschall. Though Plaintiffs address their gross negligence claim in their surreply, Paschall did not ask for summary judgment with respect to this claim in its opening brief. The Court therefore does not consider this claim.

ORDER – PAGE 2

## II. THE COURT GRANTS PLAINTIFFS' MOTION TO STRIKE

Plaintiffs move to strike O'Kelly's affidavit as inadmissible hearsay because O'Kelly, now deceased, is unavailable to testify and was never deposed. Pls.' Resp. Summ. J. 11 [31]. The affidavit, which Paschall offers "to prove the truth of the matter asserted," is hearsay and is inadmissible unless Paschall shows that it falls within an exception to the rule. FED. RS. EVID. 801(c), 802.

Paschall argues that the Court should admit O'Kelly's affidavit because it serves as the basis for Northcutt and Plaintiffs' expert David Stopper's reports and thus is admissible under Federal Rule of Evidence 703. Paschall Reply Summ. J. 7–8 [36]. Rule 703 provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

FED. R. EVID. 703. Contrary to Paschall's argument, Rule 703 stands for the proposition that an expert's *opinion* may still be admissible even if that opinion is based on inadmissible evidence. It does not stand for the proposition that the underlying evidence is admissible solely because the opinion is admitted. *See* FED. R. EVID. 703 advisory committee's note ("Rule 703 has been amended to emphasize that when an expert reasonably relies on inadmissible information to form an opinion or inference, the underlying information is not admissible simply because the opinion or inference is admitted."); *Engebretsen v. Fairchild*

*Aircraft Corp.*, 21 F.3d 721, 728–29 (6th Cir. 1994) ("Rule 703 allows a testifying expert to rely on materials, including inadmissible hearsay, in forming the basis of his opinion. Rules 702 and 703 do not, however, permit the admission of materials, relied on by an expert witness, for the truth of the matters they contain if the materials are otherwise inadmissible."); *cf. Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 523–24 (5th Cir. 2013) ("Rule 703 'was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.'" (quoting *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 808 (N.D. Ill. 2005))).

Plaintiffs object to the use of O'Kelly's affidavit to prove the truth of statements made in the affidavit, not to its use as a basis for expert opinion. Paschall frequently cites O'Kelly's statements as evidence of the circumstances of the accident. *See, e.g.*, Paschall Mot. Summ. J. 2–5. Thus, Rule 703 cannot serve as a basis for admitting O'Kelly's affidavit independently from an expert opinion. As Paschall has not shown that the affidavit itself falls within a hearsay exception, the Court grants Plaintiffs' motion to strike O'Kelly's affidavit to the extent it is used independently of expert testimony.

### III. THE COURT DENIES PASCHALL'S MOTION TO STRIKE

Paschall asks the Court to strike Stropper's Affidavit because it is "unreliable." Paschall Surreply Summ. J. 8–11 [67]. Paschall cites four errors in Stopper's affidavit:

(1) Stopper stated varying distances of visibility in his affidavit and deposition;

(2) Stopper testified that his estimate of visibility was based on photographs and personal observations at the scene. Paschall contends that the accident took place at a different time of day and thus the evidence relied upon by Stopper was unreliable;

(3) Stopper stated varying amounts of time to make a lane change; and

(4) Stopper's affidavit stated that O'Kelly did not have a plan but testified during his deposition that O'Kelly did have a plan.

*Id.* at 9–10.

Using its "broad discretion to rule on the admissibility of [an] expert's evidence" in the context of a Rule 56(c) motion opposed by expert testimony, *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988), the Court declines to strike Stopper's affidavit. The inconsistencies between Stopper's affidavit and his deposition testimony are relatively minor. And, while Paschall argues that differences in lighting conditions between the accident and Stopper's observations render Stopper's opinions unreliable, Paschall provides no evidence to support this theory. The Court finds that Stopper's deposition testimony is generally consistent with his affidavit and thus denies Paschall's motion to strike the affidavit.

## IV. THE COURT DENIES SUMMARY JUDGMENT

Paschall argues that O'Kelly exercised reasonable care leading up to the accident and thus did not breach any duty to Stacy. To support this argument, Paschall cites evidence that O'Kelly remained in the right lane of travel and that O'Kelly was unable to move to the left lane to avoid the accident. Paschall Mot. Summ. J. 8–9. Plaintiffs contend, however, that a reasonably prudent commercial vehicle operator would have behaved differently under the

ORDER – PAGE 5

circumstances. Pls.' Resp. Summ. J. 2. The Court find that genuine issues of material fact exist and preclude summary judgment at this stage of the case.

### A. *Standard for Summary Judgment*

A trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, a court must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return

a verdict in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).  Moreover, "conclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).  Indeed, factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts."  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### B.  *Issues of Fact Preclude Summary Judgment*

To show negligence under Texas law, Plaintiffs must prove that (1) O'Kelly owed Stacy a duty; (2) O'Kelly breached that duty; and (3) O'Kelly's breach proximately caused Plaintiffs' injuries.  *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).[4]  "A duty is a legal obligation that requires the defendant to conform to a certain standard of conduct."  *Midwest Employers Cas. Co. v. Harpole*, 293 S.W.3d 770, 776 (Tex. App. – San Antonio 2009, no pet.).  In general, every person has a duty to exercise ordinary or reasonable care to avoid causing foreseeable harm to others.  *Id.*  "Ordinary care is that degree of care that would be exercised by a person of ordinary prudence under the same or similar circumstances."  53 TEX. JUR. 3D NEGLIGENCE § 36; *see also Timberwalk Apartments,*

---

[4]The parties agree that Paschall is liable for negligent acts of O'Kelly through respondeat superior.

*Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998) ("Negligence . . . means simply doing or failing to do what a person of ordinary prudence in the same or similar circumstances would have not done or done.").

The "traditional reasonable-person standard [takes] into account both the knowledge and skills of an ordinary person *and* 'such superior attention, perception, memory, knowledge, intelligence, and judgment as the actor himself has.' " *Jackson v. Axelrod*, 221 S.W.3d 650, 655–56 (Tex. 2007) (quoting RESTATEMENT (SECOND) OF TORTS § 289). In other words, "ordinary prudence under the same or similar circumstances includes a party's expertise." *Id.* at 656. "Experienced milk haulers, hockey coaches, expert skiers, construction inspectors, and doctors must all use care which is reasonable in light of their superior learning and experience, and any special skills, knowledge or training they may personally have over and above what is normally possessed by persons in the field." *Id.* (quoting W. KEETON, D. DOBBS, R. KEETON & D. OWEN, PROSSER AND KEETON ON TORTS § 32, 185 (5th ed. 1984) (citations omitted)).

Paschall argues that O'Kelly behaved as a reasonable person would under the circumstances and thus did not act negligently by hitting Stacy. Paschall relies on *Singleton v. U.S.*, in which the court found a driver not negligent as a matter of law where a pedestrian suddenly entered the vehicle's path. Paschall Surreply Summ. J. 2–3 (citing *Singleton v. U.S.*, 2008 WL 4560608, at *5 (S.D. Tex. 2008)). Paschall presents evidence that Stacy entered the right lane of travel, that O'Kelly's truck remained in the right lane and did not

enter the shoulder, and that O'Kelly could not have moved to the left lane in time to avoid the accident. *See supra* Part I.

Plaintiffs contend, however, that a commercial vehicle operator has superior knowledge and skills above that of an ordinary person, which must be taken into account in determining reasonableness. Plaintiffs present evidence that a reasonably prudent commercial vehicle operator, upon approaching a disabled vehicle, would slow, turn on his signal, wait for traffic to clear, and change lanes. *See* Stopper Affidavit ¶ 16. Eyewitness Shelton testified that she did not see any indication that O'Kelly signaled or applied his breaks prior to the accident. Pls.' Surreply Summ. J., App. 44 [66-9]. There is an issue of fact as to the applicable standard of care and whether O'Kelly met that standard.

Plaintiffs also present evidence that O'Kelly's breach of this standard of care proximately caused Stacy's death. Shelton testified that had O'Kelly signaled, she would have let him in and that he could have moved over. *Id.* at 45. Stopper averred that Stacy's death was a result of O'Kelly's failure to move to the left lane. Stopper Affidavit ¶ 16. Thus, Plaintiffs raise an issue of fact as to causation.

The Court finds Plaintiffs have submitted evidence sufficient to raise a genuine issue of material fact as to whether O'Kelly breached his duty and whether that breach caused Stacy's death. As weighing the evidence and drawing inferences from facts are jury functions, and not functions of the judge, the Court denies Paschall's motion for summary judgment. *Anderson*, 477 U.S. at 255.

**CONCLUSION**

Accordingly, the Court denies Paschall's motion.

Signed July 22, 2014.

                                                                          _____
                                                                          David C. Godbey
                                                                      United States District Judge